UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO.: 3:20-CR-203-3-RJC |
| v. | SENTENCING MEMORANDUM |
| JUSTIN PARKS | |

I.    Requests for Bureau of Prisons Recommendations

Parks has studied the Bureau of Prisons handbook regarding vocational and educational programs. He is interested in the HVAC occupational training program. The closest BOP facility to offer that program is FCI Bennettsville. He also asks the court to recommend GED classes, and the RDAP treatment program, so that he can work on the skills needed to address his substance abuse issues.

II.    Factors that Warrant Departure or Variance – See Objection #3 to Presentence Report

A. As noted in the government's sentencing memorandum, Parks received a smaller portion of the proceeds than his co-defendants, and had a smaller role than co-defendants Johnson and Clarke.

B. Please see Paragraph #2 in Parks' Objections to the Presentence Report (p. 25-26), and government's sealed Dkt. #124.

C. As described in Paragraph #3 of Parks' Objections to Presentence Report (p. 26), if personal deterrence and plain punishment are factors the Court seeks to address, then the conditions within the Mecklenburg County jail for the last year-and-a-half are relevant.

Parks has been held in custody at the Mecklenburg County Jail in this matter since his federal arrest on July 24, 2020. At that time the Covid-19 pandemic was at its beginning stages of entering the Mecklenburg County Jail and nobody was prepared for it. This was before a vaccine was available and before there was an established system of how to deal with it. Uncertainty was high among the jail staff and the residents which caused an amount of stress for Mr. Parks that he was not well equipped to deal with.

Due to the Covid-19 pandemic, from November 30, 2020 to January 14, 2021, Parks was housed in a POD that was in Respiratory Isolation. Respiratory Isolation meant that someone in his pod tested positive for Covid-19. Extension of isolation beyond 10 days meant that additional pod inmates had tested positive. Each inmate had to stay in his cell for 23.5 hours a day and was not allowed any visitation session – not in person, and not by video. This meant that he could not see his attorneys for a physical visit at the jail, nor could he do a video jail visit with his attorneys or his loved ones. Throughout this time period, Parks was at high risk of contracting the coronavirus and Covid-19 each day. The pod design of the county jail was intended for communal living – small cells which are not air-tight, surrounding a large common area. As each week passed and the pod remained in

2

Isolation, Parks and his fellow inmates knew that meant that another person within the pod had tested positive. The virus was newly infecting pod inmates despite the isolation.

The jail suffered another large outbreak of Covid-19 in August and September 2021. Parks was at constant risk of contracting Covid-19, during a time of uncertainty of whether this would be fatal, and what the long terms effects would be to his overall health, all while suffering from depression.

### III.    Conclusion

Mr. Parks has made mistakes in the past. He has suffered for these mistakes and will continue to do so. He will spend the rest of his life with a criminal record that will hinder his ability for jobs and other opportunities in the future.

In the last year, Mr. Parks has engaged in self-reflection, and taken steps towards self-improvement. He is changing and evolving as a human being and ready to move forward towards a more positive path.

For all of these reasons, a total sentence of 65 months imprisonment – 41 months for Count 1 plus the mandatory 24 months for Count 12 -- is a reasonable sentence addressing all of the statutory and guideline sentencing factors.

Respectfully submitted, this 5th day of November, 2021.

/s/ Christopher C. Fialko
Christopher C. Fialko
FIALKO LAW PLLC
North Carolina Bar No. 19010
529 W Summit Avenue, Suite 1B
Charlotte, NC 28203
(704) 490-4944
chris.fialko@fialko-law.com


/s/ Gael Gilles
Gael Gilles
Gilles Law, PLLC
North Carolina Bar No. 47763
725 East Trade Street, Suite 215
Charlotte, NC 28202
(980) 272-8438
ggilles@gilleslaw.com


## CERTIFICATE OF SERVICE


I hereby certify that the foregoing document was served on the parties and counsel of record by submitting it to the Court for electronic notice.


/s/ Christopher C. Fialko
Christopher C. Fialko

4